**John Thomas SUNDQUIST,**
**Plaintiff–Appellant,**

v.

**Gary PHILP, Sheriff; et al.,**
**Defendants–Appellees.**

**No. 08–15930.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

John Thomas Sundquist, Coalinga, CA, pro se.

William F. Mitchell, Esquire, Mitchell, Brisso, Delaney & Vrieze, Eureka, CA, Todd William Baxter, Esquire, Justus C. Spillner, Esquire, McCormick, Barstow, Sheppard, Watye & Carruth, LLP, Fresno, CA, for Defendants–Appellees.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

John Thomas Sundquist, a civil detainee, appeals pro se from the summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his Fourteenth Amendment due process rights by transporting and temporarily housing him with criminal detainees (i.e., criminal pretrial detainees, prisoners, or both), and his Fourth Amendment rights by subjecting him to a strip search that included a visual body cavity search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a summary judgment. *Aguilera v. Baca,* 510 F.3d 1161, 1167 (9th Cir.2007). We affirm.

■ The district court properly entered summary judgment on Sundquist's claim that defendant Transcor violated his due process rights by transporting him with criminal detainees because Sundquist failed to demonstrate a triable issue as to whether the conditions of his transportation were excessive in relation to the legitimate, non-punitive interests of Transcor

and the government in safety and effective management of its transportation services. *See Jones v. Blanas,* 393 F.3d 918, 932–35 (9th Cir.2004) (describing applicable legal standard).

The district court properly entered summary judgment on Sundquist's claim that Transcor violated his due process rights by housing him with criminal detainees during a stopover because Transcor presented uncontroverted evidence that it had no control over these conditions. *See Harper v. City of L.A.,* 533 F.3d 1010, 1026 (9th Cir.2008) ("In a § 1983 action, the plaintiff must ... demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").

The district court properly entered summary judgment on Sundquist's Fourth Amendment claim against the Humboldt County defendants because he failed to demonstrate a triable issue as to whether the search was unreasonable in light of "the scope of the particular intrusion, the manner in which it [wa]s conducted, the justification for initiating it, and the place in which it [wa]s conducted." *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

■ The district court properly entered summary judgment on Sundquist's claim that the Humboldt County defendants violated his due process rights by housing him temporarily with criminal detainees because Sundquist failed to demonstrate a triable issue as to whether the conditions of his confinement were excessive in relation to the government's legitimate, non-punitive interests in security and effective facility management. *See Jones,* 393 F.3d at 932–35.

Although Sundquist contends that defendants violated sections 4001 and 4002 of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the California Penal Code by housing him with criminal detainees, he has not shown that these provisions afford him a private right of action, or that a violation is actionable under section 1983. *See Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir.1996) (explaining that a violation of state law may not form the basis for a section 1983 action unless it causes the deprivation of a right protected by the Constitution).

We do not consider Sundquist's contention, raised for the first time on appeal, that he was prevented from opposing Transcor's motion for summary judgment because he was separated from his legal materials. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir.2002).

Sundquist's remaining contentions are unpersuasive.

**AFFIRMED.**